1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SAADHI ABDUL COLEMAN,                     Case No.  2:24-cv-3392-JDP (P)

12              Plaintiff,

13       v.                                    ORDER

14   B. FRERIKS, *et al.*,

15              Defendants.

16

17

18        Defendants B. Nguyen, T. Bell-Sprinkle, G. Collinsworth, K. Morgan, N. Thompson, and

19   L. Pizano-Martinez, correctional officers at California State Prison-Sacramento, removed this

20   action from Sacramento County Superior Court on December 5, 2024.  ECF No. 1.  Plaintiff is a

21   state inmate proceeding pro se in this civil rights action brought under 42 U.S.C. § 1983.  In his

22   first amended complaint, he alleges that defendants violated his First and Eighth Amendment

23   rights when they used excessive force, failed to protect him, committed sexual assaults against

24   him, retaliated against him, and interfered with his mail—among other state law tort claims.[1]

25   Plaintiff sufficiently raises the following claims: (1) Eighth Amendment conditions of

26   confinement claims against Freriks, Nguyen, and John Does 28 through 30; (2) Eighth

27   ─────────────────────

28        [1] Plaintiff also named B. Freriks, Arthur, and John Does 1-40 as defendants.  ECF No. 5 at
     21.  Defendants filed a notice of suggestion of death as to B. Freriks.  ECF No. 3.

                                             1

1    Amendment failure to protect claims against John Doe 1, Arthur, Morgan, Bell-Sprinkle,

2    Thompson, Martinez, and John Does 3 through 27; (3) First Amendment retaliation claims

3    against Martinez, Nguyen, Collinsworth, John Does 28 through 30, and John Does 32 through 40;

4    and state law (4) battery, sexual battery, false imprisonment, and assault claims against Freriks;

5    (5) sexual battery and false imprisonment claims against Nguyen; (6) negligence claims against

6    all defendants; and (7) intentional infliction of emotional distress against all defendants.[2]

7    However, plaintiff fails to state cognizable state law intentional tort claims against Collinsworth

8    and John Does 28 through 40, notwithstanding the potentially viable intentional infliction of

9    emotional distress claim.  Plaintiff may proceed on the cognizable claims or file an amended

10    complaint addressing the deficiencies herein.

**Screening and Pleading Requirements**

12        A federal court must screen the complaint of any claimant seeking permission to proceed

13    *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

14    dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

15    which relief may be granted, or seeks monetary relief from a defendant who is immune from such

16    relief.  *Id.*

17        A complaint must contain a short and plain statement that plaintiff is entitled to relief,

18    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

19    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

20    require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

21    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

22    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

23    identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

24    1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

25    give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

26

27            [2] The Doe defendants' identities must be ascertained and provided to the court because the
       Doe defendants cannot be served until their identities are ascertained.  Plaintiff may seek leave to
28    amend once he has identified these individuals.

1    n.2 (9th Cir. 2006) (en banc) (citations omitted).

2        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

3    U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

4    appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

5    would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

6    However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

7    of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

8    1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

9                                    **Analysis**

10       Plaintiff's amended complaint contains detailed factual allegations outlining an

11   interconnected chain of events involving varying defendants, including plaintiff being sexually

12   assaulted and beaten, plaintiff attempting suicide numerous times based on these assaults, and

13   defendants failing to take actions to assist or protect plaintiff before, during, and after these

14   events.  *See generally* ECF No. 5 at 22-35.  From these allegations, plaintiff alleges both

15   constitutional and state-law claims against defendants.  *Id.* at 35-41.  Each claim will be

16   addressed in turn.

17       First, plaintiff alleges Freriks, Nguyen, and John Does 28 through 30 violated his Eighth

18   Amendment right of being free from cruel and unusual punishment by raping, assaulting,

19   battering, torturing, sexually abusing, restraining, and beating him.  *Id.* at 35.  The Eighth

20   Amendment prohibits cruel and unusual punishment, and "protects prisoners not only from

21   inhumane methods of punishment but also from inhumane conditions of confinement."  *Morgan*

22   *v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847

23   (1981) and *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  Prison officials have a duty to ensure

24   that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal

25   safety.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).  A prison official violates the Eighth

26   Amendment if two requirements are met: (1) the deprivation alleged must be, objectively,

27   sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind.

28   *Farmer*, 511 U.S. at 834.  In prison-conditions cases, the requisite state of mind to establish an

1   Eighth Amendment violation is one of deliberate indifference to inmate health or safety. *Id.* A

2   prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of

3   serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id.* at 837,

4   844. Plaintiff sufficiently alleges an Eighth Amendment conditions-of-confinement claim against

5   Freriks, Nguyen, and John Does 28 through 30. Plaintiff's complaint sufficiently outlines the

6   actions allegedly taken by these defendants to deprive plaintiff of adequate safety and alleges that

7   these defendants had a sufficiently culpable state of mind. *See id.* at 834.

8         In his second claim, plaintiff alleges that John Doe 1 and Arthur violated his Eighth

9   Amendment rights by failing to act when he outlined his plan to commit suicide, which then led

10  plaintiff to attempt suicide in the exact way he warned John Doe 1 and Arthur he would. ECF

11  No. 5 at 36. Plaintiff also alleges Morgan, Thompson, Bell-Sprinkle, and Martinez were

12  deliberately indifferent to his needs when he reported that Freriks raped and assaulted him

13  because they refused to have plaintiff seen by medical personnel, leading to plaintiff attempting

14  suicide for a second time with a razor provided by Martinez. *Id.* at 36-37. Plaintiff additionally

15  alleges that John Does 3 through 19 were deliberately indifferent to his needs when they failed to

16  act after plaintiff was assaulted. *Id.* at 37. He alleges that, during the mandatory rounds

17  defendants had to perform every fifteen to thirty minutes, John Does 3 through 19 saw plaintiff in

18  distress, with his hands behind his back, bleeding and covered in his own waste following

19  Freriks's assault. *Id.* However, these defendants allegedly did nothing to help plaintiff. *Id.*

20  Moreover, once a nurse did see plaintiff for his injuries days later, John Does 20 through 27

21  allegedly failed to transfer plaintiff to another facility to receive the treatment that was ordered by

22  the nurse, leading him to suffer additional injuries. *Id.*

23        As with a conditions-of-confinement claim, an Eighth Amendment claim premised on

24  prison officials' failure to protect the plaintiff requires the plaintiff to allege that the deprivation

25  alleged was objectively sufficiently serious, meaning the conditions posed a substantial risk of

26  serious harm, and that the defendants were deliberately indifferent to that harm. *Farmer*, 511

27  U.S. at 834. Again, to be deliberately different to a substantial risk of serious harm, defendants

28  must be subjectively aware of the risk and fail to take reasonable measures to prevent such risk.

4

1  *Id.* at 847.  Plaintiff sufficiently alleges Eighth Amendment failure-to-protect claims against John

2  Doe 1, Arthur, Morgan, Thompson, Bell-Sprinkle, Martinez, and John Does 3 through 27.

3  Third, plaintiff alleges that varying defendants retaliated against him for exercising his

4  First Amendment rights.  ECF No. 5 at 37-38.  He alleges that after he reported his rape, Martinez

5  provided plaintiff with a razor blade and instructed him to kill himself so that he would stop

6  "snitching" on the other correctional officers.  *Id.* at 30, 37-38.  Plaintiff allegedly did attempt

7  suicide with this razor blade due to the continued retaliation.  *Id.* at 38.  Also, in response to

8  plaintiff reporting his assault and rape, John Does 28 through 30 allegedly touched plaintiff

9  inappropriately, made sexual remarks to him, and called him a "snitch," which resulted in

10 plaintiff suffering additional injuries.  *Id.*  And Nguyen, Collinsworth, and John Does 32 through

11 39 allegedly intercepted and opened plaintiff's legal mail to prevent him from filing misconduct

12 reports to outside agencies regarding his continued assaults and rape—and this to prevent him

13 from exercising his First Amendment rights.  *Id.*  Finally, John Doe 40 allegedly forced plaintiff

14 to strip naked in an effort to humiliate him and to retaliate against him because plaintiff reported

15 his rape.  *Id.*  Plaintiff's claims sufficiently allege First Amendment retaliation claims.  *See*

16 *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (outlining the elements of a First

17 Amendment retaliation claim as including "(1) [a]n assertion that a state actor took some adverse

18 action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action

19 (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

20 reasonably advance a legitimate correctional goal").

21 Finally, plaintiff alleges varying state law tort claims against defendants.  ECF No. 5 at

22 39-41.  Plaintiff first alleges that Freriks, Nguyen, Collinsworth, and John Does 28 through 40

23 violated plaintiff's right to be free from "Intentional Tort[s]."  *Id.* at 39.  He alleges that Freriks

24 raped, assaulted, battered, tortured, and unlawfully restrained him, in violation of California law.

25 *Id.*  Collinsworth and John Does 28 through 40 also allegedly violated plaintiff's "right to be free

26 from Intentional Torts" by forcing plaintiff to strip naked and to put on women's underwear in

27 front of them all for their sexual gratification and to humiliate plaintiff.  *Id.*  Also, Nguyen

28

1    allegedly violated plaintiff's rights by continuing to sexually assault and abuse him, including by

2    grinding plaintiff's face into Nguyen's genitals until Nguyen obtained an erection. *Id.*

3          To plaintiff's claim against Freriks, plaintiff sufficiently alleges a state law battery claim,

4    as Freriks's alleged attack upon the plaintiff intentionally caused harmful or offensive contact

5    with plaintiff's person, plaintiff did not consent, and plaintiff was injured as a result. *See Tekle v.*

6    *United States*, 511 F.3d 839, 855 (9th Cir. 2007) (outlining the elements of a California law

7    battery claim).  Also, in liberally construing plaintiff's complaint, his allegation that Freriks' rape

8    constituted an intentional tort can be interpreted as plaintiff raising a sexual battery claim.

9    Plaintiff sufficiently alleges such a claim. *See Doe v. City of San Diego*, 35 F. Supp. 3d 1195,

10   1210 (S.D. Cal. 2014) (outlining the varying ways an individual could commit a sexual battery).

11   Plaintiff also alleges an "unlawful restraint" claim against Freriks, which appears to be a false

12   imprisonment claim.  Under California law, false imprisonment requires (1) the nonconsensual,

13   intentional confinement of another, (2) without lawful privilege, (3) for an appreciable amount of

14   time. *Young v. Cnty. of Los Angeles*, 655 F.3d 1156, 1169 (9th Cir. 2011).  Liberally construing

15   the allegations, plaintiff sufficiently alleges a false imprisonment claim against Freriks, as Freriks

16   allegedly handcuffed him in his cell for the purposes of beating and sexually abusing him.

17         Also, plaintiff sufficiently alleges a sexual battery and sexual assault claim against

18   Nguyen, as plaintiff alleges Nguyen forced plaintiff to strip naked and then ground his pelvis into

19   plaintiff's face until Nguyen obtained an erection, causing plaintiff mental and physical harm.

20   *See Doe*, 35 F. Supp. 3d at 1210 (outlining the elements of sexual battery and sexual assault).

21         However, plaintiff does not sufficiently allege an assault claim against Freriks, because

22   there is no indication that Freriks attempted to harm plaintiff such that plaintiff's fear of offensive

23   contact was the basis of his claim. *See Tekle*, 511 F.3d at 855 (explaining that the elements of an

24   assault claim under California law includes (1) defendant threatening to touch the plaintiff in a

25   harmful or offensive manner, (2) plaintiff reasonably believed the plaintiff was going to carry out

26   the threat, (3) plaintiff did not consent to the conduct, (4) plaintiff was harmed, and

27   (5) defendant's action was a substantial factor in causing the harm).

28

1          Additionally, plaintiff fails to state a claim against Collinsworth and John Does 28

2   through 40.  Plaintiff's claim hinges on Collinsworth and John Does 28 through 40 forcing

3   plaintiff to strip naked and to put on women's underwear for the purposes of their sexual

4   gratification and to humiliate plaintiff.  ECF No. 5 at 39.  Plaintiff does not allege what

5   intentional tort these defendants allegedly committed, rather simply alleging that they violated his

6   "right to be free from Intentional Torts."  *See generally id.*  Such an allegation fails to sufficiently

7   state a claim.  *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and

8   conclusory allegations of official participation in civil rights violations are not sufficient to

9   withstand a motion to dismiss.").

10         Plaintiff alleges that defendants were negligent in providing him medical care after each

11  defendant witnessed plaintiff in medical distress for days, including plaintiff threatening to

12  commit suicide, and no defendants took action to abate this risk.  *Id.* at 39-41.  He alleges that

13  each defendant owed him a duty of care, but they breached that duty by failing to provide him

14  medical care, and he suffered injuries as a result.  *Id.*  Based on these allegations, plaintiff also

15  states a cognizable state law negligence claim against all defendants.  *See Corales v. Bennett*, 567

16  F.3d 554, 572 (9th Cir. 2009) (noting the elements of a negligence claim under California law are

17  (1) defendant had a duty to plaintiff; (2) defendant breached that duty; (3) there was a connection

18  between the breach and plaintiff's injuries; and (4) damages).

19          Lastly, plaintiff alleges that each defendant intentionally inflicted emotional distress upon

20  him by forcing him to ensure psychological torture, sexual abuse, humiliation, and retaliation.  *Id.*

21  at 41.  He alleges he was continuously harmed, defendants engaged in harming him, and he has

22  suffered serious mental and emotional injuries as a result.  *Id.*  Plaintiff has sufficiently alleged an

23  intentional infliction of emotional distress claim against the defendants.  *See Voss v. Baker*, No.

24  1:17-cv-00626-DAD-EPG-PC, 2017 WL 6406044, at *6 (E.D. Cal. Dec. 15, 2017) (an intentional

25  infliction of emotional distress claim requires: (1) outrageous conduct by the defendant; (2) the

26  defendant's intention of causing or reckless disregard of the probability of causing emotional

27  distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and

28  proximate causation of the emotional distress by the defendant's outrageous conduct.").

7

1       Based on the above, plaintiff may either notify the court that he wishes to proceed on the

2 cognizable claims that I have identified in this order, in which case I will direct service, or he may

3 elect to amend his complaint.  If plaintiff amends his complaint, I will delay serving any

4 defendant and will screen his amended complaint in due course.  Plaintiff is reminded that any

5 amended complaint will supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F.3d

6 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "Second

7 Amended Complaint" and refer to the appropriate case number.

8       Accordingly, it is hereby ORDERED that:

9       1.  Within thirty days from the service of this order, plaintiff must indicate his intent to

10 proceed only with the claims identified as cognizable in this order, or he must file an amended

11 complaint.  If he selects the latter, no defendants will be served until the new complaint is

12 screened.

13       2.  The Clerk of Court shall send plaintiff a § 1983 complaint form with this order.

14       3.  Defendants' request for screening, ECF No. 5, is DENIED as unnecessary.

15

16 IT IS SO ORDERED.

17

18 Dated:     March 6, 2025                                

                               JEREMY D. PETERSON

19                                UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28